UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEITH MICHAELALLEN JONES, | |
| Plaintiff, | No. 2:17-CV-015-RHW |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Defendant. | |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 13. Plaintiff Keith Michaelallen Jones brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his applications for Disability Insurance Benefits and Supplemental Security Income under Titles II & XVI of the Social Security Act, 42 U.S.C §§ 401-434 & 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Mr. Jones' Motion for Summary Judgment.

## I. Jurisdiction

Mr. Jones filed his applications for supplemental security income and disability insurance benefits on June 4, 2013. AR 159-67. His alleged onset date is January 1, 2013. AR 159. His application was initially denied on August 9, 2013, AR 110-13, and on reconsideration on November 4, 2013, AR 232-36.

Administrative Law Judge ("ALJ") Marie Palachuk held a hearing on September 16, 2015. AR 46-75. ALJ Palachuk issued a decision on October 15, 2015, finding Mr. Jones ineligible for disability benefits. AR 26-35. The Appeals Council denied Mr. Jones' request for review on November 28, 2016, AR 1-5, making the ALJ's ruling the "final decision" of the Commissioner.

Mr. Jones timely filed the present action challenging the denial of benefits on January 10, 2017. ECF No. 3. Accordingly, Mr. Jones' claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42

U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months,

and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this

burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue,* 676 F.3d 1203, 1206 (9th Cir. 2012).

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

### IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here. Mr. Jones was born in 1973, AR 159, and he completed high school through the junior year, AR 61. He did not obtain his GED. *Id.* His previous work experience includes fast food work, general labor, and printing press assistance. AR 223.

## V. The ALJ's Findings

The ALJ determined that Mr. Jones was not under a disability within the meaning of the Act from January 1, 2013, through the date of the decision. AR 26-35.

**At step one**, the ALJ found that Mr. Jones had not engaged in substantial gainful activity since January 1, 2013, his alleged onset date (citing 20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*). AR 28.

**At step two**, the ALJ found Mr. Jones had the following medically determinable impairments: depressive disorder, social phobia disorder, borderline personality disorder, cannabis dependence, and unspecified anxiety disorder (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). AR 29.

The ALJ did not find any of these impairments to be severe. AR 29-34. **Thus, at step three,** the ALJ found that Mr. Jones did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1. AR 29-34.

**At step four,** the ALJ found Mr. Jones did not have any exertional or non-exertional limitations. AR 34. The ALJ also found that Mr. Jones had only past relevant work experience as a printing press operator helper, and that he could perform this past relevant work as actually and generally performed. *Id.*

## VI. Issues for Review

Mr. Jones argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) improperly assessing Mr. Jones' credibility; (2) improperly assessing Mr. Jones' residual functional capacity; and (3) finding Mr. Jones capable of performing substantial gainful activity. ECF No. 12 at 7.

## VII. Discussion

### A. The ALJ did not err in assessing Mr. Jones' credibility.

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id.*

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and

other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Mr. Jones alleges; however, the ALJ determined that Mr. Jones' statements regarding intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 30-31.

Defendant argues that Mr. Jones forfeited his argument to an evaluation of the adverse credibility analysis because he "did not challenge the validity of the ALJ's credibility reasoning besides asserting that the ALJ should have considered his mental impairments to be severe." ECF No. 13 at 2. The Court does note that Mr. Jones does not actually present any argument as to how the ALJ erred in assessing his credibility, rather he simply concludes that the reasons provided by the ALJ are not legitimate. Mr. Jones must do more than simply issue spot, as he has the burden of showing prejudicial error. *See Molina*, 674 F.3d at 1110-11. Mr. Jones has left it to the Court to guess at his specific contentions. It is not this Court's job to identify the specific evidence that causes Mr. Jones concern, much less explain how it undermines the ALJ's rationale. *United States v. Renzi*, 651 F.3d 1012, 1030 (9th Cir. 2011); *Indep. Towers of Washington v. Washington*, 350

F.3d 925, 929–30 (9th Cir. 2003). Nevertheless, upon review, the Court finds that the ALJ provided multiple legally sufficient reasons for the adverse credibility determination.

First, Mr. Jones' activities of daily living do not correlate to the level of impairment he asserts. Despite allegations of disabling symptoms, Mr. Jones is able to live alone, care for a pet, perform personal care, prepare daily meals, do household cleaning and repairs, garden and mow the lawn, manage his finances, shop in public, drive a car, use public transportation, and continue his hobbies of reading and hiking without change. AR 201-06. He also admitted that he spends time with others a couple times per week, and he had nothing more than normal disagreements with others. AR 205-06.

Treatment notes do not support Mr. Jones' allegations, particularly with relation to physical impairments. Physical examinations throughout the record show normal findings or temporary situational conditions, such as burns from a heater. AR 276, 296-97, 290-94, 299-300, 306-07.

Mr. Jones' mental limitations are not well supported by the record either. The ALJ notes that no medical professional diagnosed Mr. Jones with a learning disorder, dyslexia, or attention deficit hyperactivity disorder. AR 31. Education records support the ALJ's finding that Mr. Jones' academic performance was caused by behavioral issues and not a learning disorder. AR 31, 182-200.

Additionally, Mr. Jones generally presented with normal mental status examinations and other findings except in times of situational change, such as a lack of medication, housing issues, or violence. AR 272, 356, 359 361, 364, 369, 371, 378, 388. The record also supports that Mr. Jones' condition improves with medication. AR 353, 357, 362, 367, 380.

In addition, the ALJ noted multiple inconsistencies between Mr. Jones' statements and the record. For example, he testified that his father takes him to do his shopping, but his father reported that he did not know about Mr. Jones' shopping habits. AR 67, 231. Mr. Jones' statements are also inconsistent regarding his marijuana use. AR 321, 334, 340, 343-45, 354, 359.

In sum, the ALJ provided multiple reasons that are substantially supported by the record to explain the adverse credibility finding. The Court finds no error.

**B. The ALJ did not err in finding Mr. Jones had no exertional or non-exertional limitations.**

The ALJ considered the record as a whole and found that Mr. Jones has no medically determinable impairments that significantly, or more than minimally, limited his ability to perform basic work activities. Mr. Jones takes issue with this finding, but again provides very little argument as to the specific errors. The Court again reminds Mr. Jones that he must do more than simply issue spot, as he has the

burden of showing prejudicial error. *See Molina*, 674 F.3d at 1110-11; *see also supra* at p. 9.

Mr. Jones asserts that the ALJ "ignored" the limitation that he could not get along with others, ECF No. 11 at 11-12, but the record does not support the limitation more than minimally affected his ability to perform basic work activities. First, Mr. Jones himself noted that he visited with others a couple of times a week and that his only troubles with others were "normal disagreements." AR 204-05. Mr. Jones' father also indicated that his son spends time with others. AR 232. Additionally, Mr. Jones has friends that allow him to temporarily stay with them, as he has struggled securing permanent housing. AR 291. Furthermore, findings by consultative James E. Bailey, Ph.D., do not support disabling social limitations. AR 294.

Mr. Jones also asserts that the ALJ's decision to afford little weight to the opinion of John Arnold, PhD, of the Washington State Department of Social and Health Services was in error. ECF No. 12 at 12. Dr. Arnold examined Mr. Jones on April 11, 2013, and again on March 19, 2015. AR 269-72. Thus, Dr. Arnold is considered an examining doctor.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those

who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Dr. Arnold opined that Mr. Jones would have marked limitations in learning new tasks and completing a normal work day and work week without interruptions from psychologically based symptoms, as well as moderate limitations in several

other function areas. AR 271. In 2015, Dr. Arnold listed again several moderate limitations, some areas of marked limitations, and severe limitations in the ability to understand, remember, and persist in tasks by following detailed instructions. AR 336.

The ALJ gave these opinions little weight because they are inconsistent with the examination findings in the record. AR 31-32. An ALJ need not accept the opinion of a doctor that is contradictory to the record. *See Thomas,* 278 F.3d 947, 957 (9th Cir. 2002). There are several contradictions. Despite finding Mr. Jones more limited in 2015 than 2013, his objective test scores are actually higher in 2015. AR 335. Additionally, consultative examiner James E. Bailey, Ph.D., found Mr. Jones to be far less limited than Dr. Arnold and assigned a Global Assessment of Functioning Score of 70 because Mr. Jones had "few symptoms." AR 294. Moreover, Dr. Bailey found Mr. Jones capable of performing some multistep tasks, which is inconsistent with the severe limitations with detailed instructions opined by Dr. Arnold. AR 294, 336. Additionally, the record is replete with normal mental status examinations that contradict Dr. Arnold's findings. *See, e.g.* AR 356, 361-62, 366, 371-72.

**C. The ALJ did not err in finding Mr. Jones capable of performing his past relevant work as a printing press operator helper.**

As the ALJ found that Mr. Jones had no exertional or non-exertional limitations, the ALJ found that he was capable of performing past relevant work. AR 34. The ALJ determined that of the jobs in Mr. Jones' work history, only his work as a printing press operator helper passed the criteria for past relevant work. *Id.*

Mr. Jones does not take issue with the finding that printing press operator helper qualifies as past relevant work. Rather, he re-argues that he had limitations that were not considered by the ALJ. The Court will uphold the ALJ's findings when a claimant attempts to restate the argument that the residual functional capacity finding did not account for all limitations. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). Thus, there is no error with the finding that Mr. Jones could perform his past relevant work as a printing press operator helper because the Court has already determined there was no error in the ALJ's findings regarding Mr. Jones' lack of limitations.

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 13,** is **GRANTED.**

3. The District Court Executive is directed to enter judgment in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 3rd day of November, 2017.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge
